159 So. 265

## PRUDENTIAL INS. CO. v. GRAY.

### 6 Div. 602.

Supreme Court of Alabama.

June 21, 1934.

Rehearing Denied Oct. 4, 1934.

Taylor & Higgins, of Birmingham, for petitioner.

Harsh, Harsh & Hare, of Birmingham, for respondent.

FOSTER, Justice.

In the case of New England Mut. Life Ins. Co. v. Reynolds, 217 Ala. 307, 116 So. 151, 59 A. L. R. 1075, the waiver of the future premiums was the only question, and that was made to depend upon the circumstance that proof of disability was furnished before the premium became due. There was no disability insurance under which benefits existed

‑2

before the premium was due in an amount equal to such premium.

In McGifford v. Protective Life Ins. Co., 227 Ala. 588, 151 So. 349, there was insurance against disability as well as death, but the right did not exist by the express terms of the policy until the proof was made during the life of the policy.

■ But there is a difference between the existence of a right to disability and the accrual of the cause of action for the recovery. If the policy is so set up that the claim came into existence when the disability occurred, but that the cause of action did not accrue until proof of the disability was furnished, the delay of the proof not extending beyond a reasonable time (Provident Life & Accident Ins. Co. v. Heidelberg [Ala. Sup.] 154 So. 809 [1]) did not cut off the claim, though the proof was not furnished until after there was default in paying the subsequent premium.

■ The question of whether the proof is a condition to the existence of the claim or to the right to sue on a claim which had otherwise accrued, depends upon the terms of the policy which fixes the circumstances necessary to create the claim.

■ We have held, in respect to fire insurance, that, though the benefits are not payable until proof of loss is made, the failure to make the proof in the time designated does not destroy the right of action, but only postpones its maturity, provided the failure is not set up in the policy as a forfeiture of the claim. Westchester Fire Ins. Co. v. Green, 223 Ala. 121, 134 So. 881; Home Ins. Co. v. Murphy, 223 Ala. 566, 137 So. 393; National Fire Ins. Co. v. Tennessee Land Co., 224 Ala. 113, 139 So. 227; National Fire Ins. Co. v. Kinney, 224 Ala. 586, 141 So. 350.

The whole question is made to depend upon whether the requirement is set out in the policy as a condition to the existence of the claim or to the right of its immediate payment. The same sort of expression should have the same interpretation whether in a life, fire, accident, or disability insurance policy, if it is not affected by the character of the insurance. See Prudential Ins. Co. v. Calvin, 227 Ala. 146, 148 So. 837.

In the case of Bergholm v. Peoria Life Ins. Co., 284 U. S. 489, 52 S. Ct. 230, 76 L. Ed. 416, the United States Supreme Court made a holding which seems to be on all fours with our case of McGifford v. Protective Life Ins. Co., supra, and New England Mut. Life Ins.

Co. v. Reynolds, supra. But in the opinion they took the pains to make the very distinction which we have stated, and thereby to distinguish it from those cases cited in it relating to policies expressed substantially as that which we are here considering. It was there pointed out that in those cases the policy did not provide that the obligation to furnish the proof was a part of the condition either to the waiver of the premium, or the existence of the claim, but the effect was only to require proof to be furnished in a reasonable time, as we have held in Provident Life & Accident Ins. Co. v. Heidelberg, supra.

Some of the cases referred to by the United States Supreme Court as construing a policy different from that which they were considering, together with other cases to the same effect not there mentioned, are Minnesota Mut. Life Ins. Co. v. Marshall (C. C. A.) 29 F.(2d) 977; Home Life Ins. Co. v. Keys, 187 Ark. 796, 62 S.W.(2d) 950; Equitable Life Assur. Soc. v. McDaniel, 223 Ky. 505, 3 S.W. (2d) 1093; Horn's Adm'r v. Prudential Ins. Co., 252 Ky. 137, 65 S.W.(2d) 1017; Illinois Bankers' Life Ass'n v. Byassee, 169 Ark. 230, 275 S. W. 519, 41 A. L. R. 379; McGovern v. U. S. (D. C.) 294 F. 108; Metropolitan Life Ins. Co. v. Carroll, 209 Ky. 522, 273 S. W. 54.

■ The policy here in question sets up the disability claim when the disability occurs, and it is only when proof of it is made that the company agrees to begin paying. It is true that the policy also provides that future premiums are not waived until proof is made, and that the policy is avoided upon default in their payment. But the policy cannot be held to lapse so as to defeat a claim by the failure to pay a premium if the company is liable to insured in an amount under the policy equal to it, not otherwise appropriated, Reliance Ins. Co. v. Hardy, 144 Ark. 190, 222 S. W. 12; Equitable Life Ins. Co. v. Roberts, 226 Ala. 8, 145 So. 157, or if the conditions precedent to the existence of the claim occurred while the policy was in full force. The company, in such event, could at most only deduct from the disability benefits as subsequently paid the amount of any unpaid premium which accrued before proof was made. But it cannot successfully claim that the policy was avoided and that benefits for a disability which occurred before default were forfeited by the failure to pay a premium maturing thereafter when the amount of the benefits equaled or exceeded the amount of that premium, or when proof of the loss is

**1** 228 Ala. 682.

not a condition precedent to existence of the claim, but only to the time of its payment.

We have reached a conclusion as to the meaning of the policy different from that stated by the Court of Appeals, and which will probably change the result on appeal.

Writ of certiorari is awarded, and the judgment of the Court of Appeals is reversed, and the cause remanded to that court for further disposition.

Writ awarded.

All the Justices concur.

