116 So.2d 579

**AMERICAN FIRE AND CASUALTY COMPANY**

v.

**J. P. TANKERSLEY et al.**

**6 Div. 398.**

Supreme Court of Alabama.

Dec. 17, 1959.

McKay & Livingston, C. W. McKay, Jr., Sylacauga, for appellee Tankersley.

London, Yancey, Clark & Allen, Birmingham, for appellee Daniel.

Hare, Wynn & Newell, Birmingham, for appellees Ponder.

Rives, Peterson, Pettus & Conway and T. M. Conway, Jr., Birmingham, for appellant.

LAWSON, Justice.

American Fire and Casualty Company filed its bill in the Circuit Court of Jefferson County, in Equity, under the declaratory judgment statute and made parties thereto J. P. Tankersley, L. M. Daniel, Shell Oil Company, Myrtle I. Ponder and the latter's husband. §§ 156–168, Title 7, Code 1940, as amended.

The amended bill sought a declaration as to whether complainant is obligated under a policy of insurance to defend Tankersley or to pay judgments which might be rendered against him in suits brought against Tankersley, Daniel and Shell Oil Company by Myrtle I. Ponder and her husband, W. Curtis Ponder.

The suit by Myrtle I. Ponder was filed on the law side of the Circuit Court of Jefferson County on September 11, 1957. It seeks to recover damages for personal injuries which it is averred Mrs. Ponder sustained when she slipped and fell at a filling station in Sylacauga, Alabama, on January 2, 1957.

W. Curtis Ponder's suit filed on the law side of the Circuit Court of Jefferson County several weeks after his wife's suit was filed, seeks to recover damages for the loss of services and society of his wife and for expenses incurred in the treatment of the injuries she is alleged to have sustained on January 2, 1957, as a result of the fall at the filling station.

The filling station where the accident is alleged to have occurred was operated by Tankersley under a sublease from Daniel, who was the lessee of Shell Oil Company.

American Fire and Casualty Company on May 11, 1956, issued its standard garage liability insurance policy wherein Tankersley is named as the insured.

By the terms of the policy the insurance company agreed, in consideration of the payment of the premium, and in reliance upon the statements in the declarations, "and subject to the limits of liability, exclusions, conditions and other terms" of the policy:

"Coverage A—Bodily Injury Liability: To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the hazards hereinafter defined.

\* \* \* \* \* \*

"Definition of Hazards

"Division 1—Premises—Operations—Automobiles: The ownership, maintenance or use of the premises for the purpose of an automobile dealer, repair shop, service station, storage garage or public parking place, and all operations necessary or incidental thereto; \* \*"

Also:

" \* \* \* As respects the insurance afforded by the other terms of this policy under coverages A \* \* \* the company shall:

"(a) defend any suit against the insured alleging such injury, \* \* \* and seeking damages on account thereof even if such suit is groundless, false or fraudulent," etc.

Among the conditions in the policy of insurance are the following:

"9. Notice of Accident: When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses.

\* \* \* \* \* \*

"13. Action Against Company—Coverages A, B and D: No action shall

lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company."

In its bill for declaratory judgment, the insurance company averred that it is under no obligation to defend the suits against Tankersley or to pay any judgment rendered therein, because Tankersley did not give notice to the company as soon as practicable after the accident occurred, as required by Condition 9 of the policy. It is averred that complainant did not receive notice of the accident, claim or suit until, to wit, October 1, 1957, after Tankersley had been served with a copy of the summons and complaint in a suit against him and called upon the company to defend him. As heretofore shown, Mrs. Ponder fell on January 2, 1957.

This declaratory judgment proceeding was tried before the court and a jury, as is authorized by § 164, Title 7, Code 1940. Zayatz v. Southern Ry. Co., 248 Ala. 137, 26 So.2d 545, 167 A.L.R. 426.

The court charged the jury orally in part as follows:

"* * * there are two issues which are involved, as set out by the two particular interrogatories; the first being the fact as to whether or not there was notice given as soon as practicable in accordance with the policy's conditions, and the second is if you say that the notice was not given as soon as practicable, was the American Fire and Casualty Company prejudiced by that failure or delay in giving notice.

"Now, as I said before, the burden is on them to reasonably satisfy each one of you as to these particular facts that are in issue."

The court at the request of Tankersley gave the following written charge:

"D. Gentlemen of the Jury, I charge you that before you can answer interrogatory No. 2 in the affirmative the American Fire and Casualty Company must reasonably satisfy you from the evidence that it was prejudiced in its investigation and defense of the suits of Mr. and Mrs. Ponder by virtue of that company's not having received notice of the alleged accident as soon as practicable."

The jury found that notice of Mrs. Ponder's accident was not given to the insurance company as soon as practicable, but also found that the failure to give notice as soon as practicable was not prejudicial to the insurance company's investigation and defense of the suits brought by Mr. and Mrs. Ponder.

The trial court adopted the findings of the jury and decreed in part as follows:

"That it is the duty of the Complainant, American Fire & Casualty Company, a corporation, under the terms and conditions of its policy to defend Respondent Tankersley in Cases No. 41140—X [Mrs. Ponder's suit] and 40577—X [Mr. Ponder's suit] in the Law Side of the Tenth Judicial Circuit [Jefferson County] of Alabama."

From that decree the complainant below, the insurance company, has appealed to this court.

There is no cross appeal or cross assignments of error; hence the finding that notice of the accident was not given as soon as practicable remains unchallenged.

On this appeal the insurance company, the appellant, insists that the trial court erred (1) in submitting to the jury the issue of whether or not the American Fire and Casualty Company was prejudiced as a result of its failure to receive notice of the accident as soon as practicable; (2)

in charging the jury that the burden of proof with respect to the issue of prejudice was upon the American Fire and Casualty Company; (3) in adopting the finding of the jury that there was no prejudice; and (4) in rendering its final decree declaring it to be the duty of American Fire and Casualty Company to defend J. P. Tankersley in the suits because no prejudice resulted to the insurer from the breach of the notice provision of the policy.

We agree. Our view is that in this case it was entirely immaterial whether the insurance company was prejudiced or not.

The cases recognize a distinction between policies in which notice to the insurer of the accident and notice to the insurer of any claim or suit are made a condition precedent to any suit against the company and those policies in which there is no express provision making the insured's failure to give such notice a ground of forfeiture or a condition precedent. It is cases involving policies of the kind last mentioned in which the question of whether the insured is prejudiced by the failure to give notice of the accident is considered.

■ The rule established by the great weight of authority is that where, as in the policy involved in this case, notice of the accident and forwarding of any demand, notice, summons or other process are specifically made a condition precedent to any action against the insurer, the failure to give a reasonably timely notice of the accident or of the receipt of any demand, notice, summons or other process will release the insurer from the obligations imposed by the contract, although no prejudice may have resulted. Sears, Roebuck & Co. v. Hartford Accident & Indemnity Co., 50 Wash.2d 443, 313 P.2d 347; State Farm Mut. Automobile Ins. Co. v. Cassinelli, 67 Nev. 227, 216 P.2d 606, 18 A.L.R.2d 431; Houran v. Preferred Acc. Ins. Co. of New York, 109 Vt. 258, 195 A. 253; Whittle v. Associated Indemnity Corp., 130 N.

J.L. 576, 33 A.2d 866; State Farm Mut. Automobile Ins. Co. v. Arghyris, 189 Va. 913, 55 S.E.2d 16; Courtney v. Stapp, 232 Miss. 752, 100 So.2d 606; Northwestern Mutual Ins. Co. v. Independence Mut. Ins. Co., Mo.App., 319 S.W.2d 898; Malloy v. Head, 90 N.H. 58, 4 A.2d 875, 123 A.L.R. 941; M. F. A. Mutual Ins. Co. v. Mullin, D.C., 156 F.Supp. 445; Standard Accident Ins. Co. v. Turgeon, 1 Cir., 140 F.2d 94.

Other decisions might be cited but the rule, substantially as we have stated it, together with supporting cases, will be found in the following A. L. R. Annotation on "Liability insurance: clause with respect to notice of accident or claim, etc., or with respect to forwarding suit papers," 18 A.L.R.2d 443, 452, and other annotations on the same subject matter. 123 A.L.R. 950; 76 A.L.R. 23.

Appellees rely upon Young v. Travelers Ins. Co., 5 Cir., 119 F.2d 877. This case does apply the no prejudice rule, but no provisions of the policy are recited except the simple requirement to give notice, and we must presume the absence of any provision in the policy making notice to the insurer of the accident a condition precedent. See State Farm Mut. Automobile Ins. Co. v. Cassinelli, supra.

Appellees also cite and rely upon Navigazione Alta Italia v. Columbia Casualty Co., 5 Cir., 256 F.2d 26. The policy there involved did contain conditions similar to those included in the policy before us. Although the court quoted the so-called prejudice rule as stated in the Young case, supra, we do not understand the decision in that case to have turned on the application of that rule.

The sole issue in this case according to the majority view, which we adopt, should have been simply whether Tankersley gave notice of the accident as soon as practicable. That issue was decided against Tankersley. Hence, it was error to decree that the insurance company was bound under its contract to defend Tankersley in the

131

suits brought against him and his co-defendants by Mr. and Mrs. Ponder.

The decree of the trial court is reversed.

Reversed and remanded.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.