George P. Stiee, J.
This is an action to recover from the defendant, as insurer, the amount of a judgment rendered on default against its insured.
On December 8,1957, plaintiff Matilda Nelli, a pedestrian, was struck and injured by an automobile owned and operated by one Burtis Valentine, also known as Burt Valentine. At that time defendant herein had issued a policy of insurance covering the said Valentine, under an assigned risk policy of insurance. Although defendant had cancelled said policy on February 7, 1958, for nonpayment of premiums, it was in force on the date of the accident.
On December 8, 1957, the plaintiffs retained their former attorney to institute action against said Valentine. On December 13,1957, said attorney communicated with the Motor Vehicle Bureau and the New York City Police Department. On December 20,1957, he received a reply from the Motor Vehicle Bureau giving the name of Burt Valentine as the owner of the car involved in the accident. Thereafter, on December 26,1957, said attorney mailed a claim letter to Valentine and requested him to forward it to his insurance carrier. Receiving* no answer thereto, the said attorney mailed another letter to Valentine in January, 1958.
At the end of January, 1958 plaintiffs’ then attorney communicated with the Motor Vehicle Bureau in Jamaica to ascertain the name of the insurance carrier, but failed to receive any information pertinent thereto. In February, 1958 he personally went to the address furnished as Valentine’s by the Motor Vehicle Bureau, but being unable to find him at home, left a request with Valentine’s landlord for Valentine to communicate with him. Having received no reply, the said attorney again visited the said premises, without contacting Valentine.
Thereafter, on or about March 15, 1958, the attorney, with plaintiffs’ consent, retained trial counsel. A complaint was thereafter prepared and verified by plaintiffs and served with a summons on Valentine on April 1, 1958. No competent facts sufficient to impugn the validity of this service were adduced.
On April 3, 1958, plaintiffs’ present attorney informed the former attorney that plaintiffs had asked him to be substituted *978 as their attorney. Thereafter an order, dated October 10, 1958, was made substituting the present attorney.
On May 5,1958, plaintiffs ’ present attorney sent a claim letter to Valentine, filed a retainer agreement with the Appellate Division, requested a copy of Valentine’s report of the accident (MV 104) from the Motor Vehicle Bureau and also requested a report of the accident from the Police Department.
On May 14, 1958, plaintiffs ’ present attorney received a reply from the Motor Vehicle Bureau, giving Valentine’s name and address, and also received a report of the accident and the hospital record.
On May 20, 1958, plaintiffs’ present attorney sent a request to the Motor Vehicle Bureau for the PS 1 report and, on June 2, 1958, a request for the PS 54 report. On June 4, 1958, after receiving a photostatic copy of the MV 104 report giving the name of Valentine’s insurance carrier, which report Valentine had signed on December 9, 1957, and which was received by the Motor Vehicle Bureau in Albany on December 13, 1957, plaintiffs’ attorney sent a letter to the said carrier, informing it of the said accident.
On August 8,1958, the said attorney sent the defendant a copy of the summons and complaint which it returned by letter, dated September 17, 1958, denying coverage.
On June 30, 1958, this court made an order directing an inquest and on September 15, 1958, an inquest was taken before the court. Plaintiff Matilda Nelli was awarded judgment in the sum of $26,800 and plaintiff Charles Nelli was awarded judgment in the sum of $8,360, and judgment therefor was thereafter entered. The complaint upon which the default judgment was entered demanded judgment in favor of Matilda Nelli in the sum of $50,000 and in favor of Charles Nelli in the sum of $5,000.
The defendant, after receiving a letter from the plaintiffs’ attorney, sent two letters, dated June 26, 1958 and September 17, 1958, respectively, the latter of which disclaimed coverage of the said Valentine, and also conducted an investigation at the home and in the neighborhood of the address given for Valentine in the MV 104 report, which investigation was conducted from June 23, 1958, to July 29, 1958, which was productive of no results, and defendant was unable to ascertain Valentine’s whereabouts. The defendant, however, did not make any investigation with either the Motor Vehicle Bureau or the Police Department to ascertain any change of address.
At the close of the case, on plaintiffs’ motion, the action on behalf of the plaintiff Charles Nelli Avas discontinued. The motion by defendant for a dismissal of the complaint Avas based *979 upon the grounds (1) that the default judgment was void inasmuch as it granted judgment in favor of plaintiff Charles Nelli for $8,360 while the amount he demanded in the complaint was $5,000, (2) that the insured failed to co-operate and (3) that the plaintiffs failed to give to defendant timely notice of the accident.
The first of said grounds is without merit. The fact that the default judgment exceeded the amount which plaintiff Charles Nelli had demanded in the complaint did not render said judgment a total nullity. (Hart v. Seixas, 21 Wend. 40, 43-44; Coastal Equip. Co. v. Herrick, 243 App. Div. 97.)
The second of said grounds is also without merit. The defendant did not undertake the defense of the action brought against its insured and did not, in the opinion of this court, do all it reasonably could and should have done to locate him. As noted above, defendant made no inquiry either of the police or of the Motor Vehicle Bureau. The court finds, therefore, that the defense of failure to co-operate is without substance and constitutes no defense to this action.
The question of timely notice, however, must be resolved in favor of the defendant. That defense is available to it. (General Acc. Fire & Life Assur. Corp. v. Martino, 12 Misc 2d 935; Allstate Ins. Co. v. Manger, 30 Misc 2d 326, 330; see, also, Cooper v. Commercial Ins. Co., 14 A D 2d 55, 58-59.) To be sure, an injured person is not held to as strict a standard as the insured (Marcus v. London & Lancashire Ind. Co. of America, 6 A D 2d 702, affd. 5 N Y 2d 961; Lauritano v. American Fid. Fire Ins. Co., 3 A D 2d 564, 568, affd. 4 N Y 2d 1028), but the injured person must be diligent (Deso v. London & Lancashire Ind. Co. of America, 3 N Y 2d 127; Safeguard Ins. Co. v. Baldauf, 20 Misc 2d 667, 670-671; Allstate Ins. Co. v. Manger, supra, p. 329).
In the Manger case Mr. Justice Margett wrote, in pertinent part, as follows (p. 329): “In the case at bar neither the insureds nor the injured person claim an excuse for not giving notice. The insureds were aware of the accident and of the identity of the injured victim. The latter could have learned the identity of the insurer from the MV 104 form which was received in Albany on July 15, 1959, as well as directly from the Motor Vehicle Bureau. The 68-day delay was, therefore, unreasonable as matter of law.”
In the instant case, excuse has been offered for the delay. The crucial facts, however, belie the existence of any adequate excuse. The accident occurred on December 8, 1957, and plaintiffs retained counsel four days later. Yet defendant did not receive notice of the accident until June 6, 1958, or almost six *980 months later, although its identity was a matter of public record as early as November, 1957, and although, as early as February, 1958, the efforts of plaintiffs’ first attorney to get in touch with Valentine had proved fruitless. The MV 104. form filed by Valentine on December 9, 1957, and received by the Motor Vehicle Bureau on December 13, 1957, named the defendant as his insurer. Yet a request for a copy of that document was not made until May 5, 1958. Under such circumstances, the court is constrained to find that plaintiffs did not give defendant notice of the accident as soon as it was reasonably possible for them to do so.
Judgment is accordingly rendered in favor of the defendant dismissing the complaint.
This constitutes the decision of the court pursuant to section 440 of the Civil Practice Act.