**Frank PARIS, Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.**

**No. 24790.**

United States Court of Appeals
Fifth Circuit.

March 22, 1968.

Sam F. Lowe, Jr., William T. Johnson, Smith, Cohen, Ringel, Kohler, Martin & Lowe, Atlanta, Ga., for appellant.

Edward E. Dorsey, James H. Keaton, John T. Marshall, Powell, Goldstein, Frazer & Murphy, Atlanta, Ga., for appellee.

Before WISDOM, BELL and DYER, Circuit Judges.

PER CURIAM:

One of Paris' employees was involved in an accident with a Mrs. Horton while the employee was delivering milk from Paris' dairy to a store. Mrs. Horton was paid $10,000 in settlement of her injury claim.

Paris sued State Farm to compel payment under an insurance policy issued by State Farm to Paris, which covered such an accident. The District Court granted State Farm's motion for summary judgment on the ground that Paris had not complied with certain conditions precedent to liability on the policy. Paris appealed. The policy in question explicitly provides that an insured may not sue the company unless all terms of the policy have been fully met. Among the terms of the policy are provisions that written notice of any accident must be given "as soon as practicable," and that the "insured shall immediately forward to the Company every demand, notice, summons or other

process received by him or his representatives." Written notice of the accident was first given over nine months after the accident occurred. Papers pertinent to the suit brought by Mrs. Horton against Paris were not forwarded to State Farm until almost two months after the suit was brought and after defensive pleadings had been filed. In these circumstances the District Court was clearly correct in holding that Paris had not complied with the notice provisions of the policy, and that, therefore, no action could lie against the company.[1]

Affirmed.

---

1. Paris' contention that State Farm is estopped from asserting failure to comply with the notice provisions is unavailing since Paris has failed to show an "intended deception" or "gross negligence" by State Farm. Title 38 Ga. Code Ann. § 116; *see* Barkley v. American National Insurance Co., 1927, 36 Ga.App. 447, 136 S.E. 803.