232 So.2d 606

**AMERICAN FIRE AND CASUALTY COMPANY, Orlando, Florida, a Corporation**

**v.**

**Howard BURCHFIELD, Sr., and Howard Burchfield, Jr., Partners d/b/a J. M. Burchfield & Son Wholesale Grocery.**

**6 Div. 613.**

Supreme Court of Alabama.

Feb. 26, 1970.

Jones, McEachin, Ormond & Fulton, Tuscaloosa, for appellant.

Hubbard & Waldrop, Tuscaloosa, for appellees.

SIMPSON, Justice.

This is a suit on an insurance policy issued by the appellant to the appellees, the effective date of the policy being August 1, 1963. The plaintiffs below sought to recover under the policy against loss sustained by plaintiffs through the fraudulent or dishonest acts of employees of the insured. From a judgment in favor of plaintiffs, the insurance company appeals. The policy insured the plaintiffs against loss of money, securities, and other property which the insured should sustain through any fraudulent or dishonest act or acts committed by any of the employees of the insured acting alone or in collusion with others, to an amount not exceeding in the aggregate the sum of $10,000.00.

The policy contained the following exclusionary clause:

"Exclusions. Section 2. This Policy does not apply:

"* * * (b) under Insuring Agreement I, to loss, or to that part of any loss, as the case may be, the proof of which, either as to its factual existence or as to its amount, is dependent upon an inventory computation or a profit and loss computation; provided, however, that this paragraph shall not apply to loss of Money, Securities or other property which the Insured can prove, through evidence wholly apart from such computations, is sustained by the Insured through any fraudulent or dishonest act or acts committed by any one or more of the Employees."

The policy also had the following provision:

"Loss—Notice—Proof—Action against company.

"Section 8. Upon knowledge or discovery of loss or of an occurrence which may give rise to a claim for loss, the Insured shall: (a) give notice thereof as soon as practicable to the Company or any of its authorized agents and, except under insuring agreements I and V, also to the police if the loss is due to a violation of law; (b) file detailed proof of loss, duly sworn to, with the Company within four months after the discovery of the loss."

It is the position of the insurance company on this appeal that the trial court erred in not granting a new trial on the ground that the judgment was not supported by the evidence, in that as contended by the insurance company, the proof of loss was supplied by resorting to inventory computations and profit and loss computations in defiance of Section 2 of the policy.

Factually the situation is this. The appellees are in the wholesale grocery business. During the policy period four of their employees were discovered to be stealing from the warehouse. Three of these employees testified on the trial of this case. They admitted having stolen cases of cigarettes, cases of groceries, etc., but the amount which they admitted stealing was less than the amount of the judgment entered in favor of the plaintiffs. The appellees introduced evidence of abnormal shortages of merchandise from delivery trucks driven by three of the employees apprehended for stealing. They also introduced evidence of the abnormal disappearance from their warehouse of cigarettes on which there had been placed no State of Alabama tax stamp. In addition they put on evidence by a C.P.A., who testified that in his opinion, based upon an audit of the appellees' records and an examination of the appellees' operations, they had sustained a loss of items from merchandise inventory during the period in question of $21,683.70. The appellees then put on evidence to the effect that there had been no burglary of the warehouse during the period in question; that no one but employees was permitted in the warehouse; that access to the warehouse was available only from the front where some responsible employee was regularly stationed; and that the losses stopped after the four employees were arrested and fired.

■ In reliance upon the provisions of Section 2 of this policy set out above, the company contends that that provision prohibits the use of an inventory computation on determining the total amount of the insureds' loss.

This clause is a standard clause which now appears in virtually every employee dishonesty policy. It has been construed by a number of courts, the first being Tri-Motors Sales, Inc. v. Travelers Indemnity Company, 19 Wis.2d 99, 119 N.W.2d 327 (1963). In that case the insured, an automobile dealer, sought to recover for loss sustained due to theft of automobile parts and accessories. An employee was apprehended taking merchandise out of the building, after which he admitted theft of merchandise amounting to $494.00. That employee had worked for the company

some six months. At the trial the plaintiff's C.P.A. testified that there was a loss of $14,006.31. This was determined by checking the book value of parts and accessories against an inventory taken by counting the actual items on hand and pricing them at current cost prices. According to the plaintiff's account, the normal inventory variance should have been three per cent; the $14,006.31 represented a 13.28 per cent variance, and accordingly was the result of employee theft. In discussing the exclusionary provision the Wisconsin Supreme Court said:

"The portion of Section 2(b) which poses the problem of interpretation is the proviso which follows the semicolon and limits the operation of the absolute prohibition against use of inventory computations preceding the semicolon. This proviso may be interpreted two ways as applied to the facts of the instant case: (1) The words 'as to its amount' appearing in the absolute prohibition preceding the semicolon carry over into the proviso and prohibit use of inventory computations to prove the amount of plaintiff's loss even though plaintiff has established by independent evidence that Woodward [the employee] did steal plaintiff's parts and accessories during the period of his employment; or (2) Once plaintiff has proved by independent evidence that Woodward did steal parts and accessories during the period of his employment, the prohibition against the use of inventory computations in that portion of the paragraph preceding the semicolon is rendered inoperative.

"If the first interpretation were to be adopted the proviso after the semicolon would serve no useful purpose because if the insured was able to prove its loss by evidence wholly apart from computations made from its inventory records, then such computations would be merely cumulative evidence of the loss. This would appear to be an absurd result especially in view of sec. 6 which requires insured to keep accurate records. We

deem the wording of the proviso sufficiently ambiguous to render applicable the rule that in the case of ambiguity or reasonable doubt as to the meaning of exclusion clauses in a policy, drafted by an insurance company, the ambiguity is to be resolved against the insured."

In Hoboken Camera Center, Inc. v. Hartford Accident & Indemnity Co., 93 N.J.Super. 484, 226 A.2d 439, the court reviewed all of the cases which had construed this standard clause. It stated:

"Most of the cases which have hitherto had to deal with the inventory-exclusion clause here involved have not applied it literally, but in varying degrees have permitted resort to inventory records for proof of the amount of loss where the fact of employee-connected loss was inferable from proof, direct or circumstantial, independent of inventory records. Tri-Motor Sales, Inc. v. Travelers Indemnity Co., 19 Wis.2d 99, 119 N.W.2d 327; Kentuckiana Sales v. Security Ins. Co. of New Haven, 394 S.W.2d 744 (Ky.Ct.App.1965); Fort Smith Tobacco & Candy Co. v. American Guar. & L. Ins. Co., 208 F.Supp. 244 (W.D.Ark. 1962); Sun Insurance Co. of New York v. Cullems Men Shop, Inc., 331 F.2d 988 (5 Cir. 1964)."

The court in that case went on to analyze each of the opinions which dealt with this clause. It indicated that different reasons had been given by the court but that most had concluded that the inventory exclusion clause was not a bar to the use of inventory computations as the basis for recovery under those policies.

In *Tri-Motors* the court found that the clause was ambiguous; in *Kentuckiana Sales* the court arrived at substantially the same result as in *Tri-Motors* as to the effect of the inventory exclusion clause but based its opinion upon a different rationale.

In Fort Smith Tobacco & Candy Co. v. American Guarantee and Liability Ins. Co.,

**362**

208 F.Supp. 244, the court purported to give the clause the literal reading which would preclude recovery unless the insured could produce evidence *wholly apart* from inventory computations, which reasonably proved a loss due to fraud or dishonesty.

The court in *Hoboken Camera* went on to conclude that to give the inventory exclusion clause its literal meaning would be to nullify to a considerable extent the benefits fairly contemplated by the insured when it purchased the policy. It noted, however:

"On the other hand, we cannot say that insurors do not have a legitimate concern in attempting to protect themselves against claims which are built upon self-created inventory records. Such records, generally honestly and accurately kept by businessmen, are sometimes not deserving of the full measure of that description, and even if they are, will generally be inexact reflections of actual inventory shortages if computed on the basis of assumed average markups or profit margins. * * * The judicial problem, therefore, is one of fair accommodation of the general right of an insurer to fix his undertaking * * * and that of the general public, in buying insurance containing frozen, unbargained-for policy limitations, to get the degree of coverage it reasonably envisages.

"Such accommodation, in our judgment, should preclude recovery by the insureds under this bond if they had no proof whatever of an employee-connected loss other than inventory or profit and loss computations, no matter how reliable in the particular case. On the other hand, inventory records may by their very nature constitute inherently indispensable proof of an allowable claim under a fidelity bond in one or the other or both of two respects: (a) as the only available proof of the full amount of a loss, there being some appreciable proof from other facts or circumstances of a loss caused by employee-dishonesty; (b) as a corroboration sufficient to make a case for the fact-finder of the fact of an employee-connected loss where independent proof thereof, considered alone, might be insubstantial. To deny an insured the right to adduce proof of inventory records for either of these purposes might in a particular case defeat justice by precluding recovery on a meritorious claim by use of the only proofs reasonably available to the insured and probative thereof."

Likewise Meyer Jewelry Co. v. General Insurance Co. of America, 422 S.W.2d 617 (Mo.1968) held that the policy provision under discussion did not exclude inventory computations which would tend to prove the amount of the plaintiff's loss where independent evidence first showed that an employee had stolen items from the plaintiff's merchandise inventory.

This provision of the policy has been considered by several courts as indicated. Most of those courts, on varying rationales, have concluded that inventory computations may be considered in a suit on the policy. We believe that this is just. We adopt the rationale of the Missouri Court and the New Jersey Court in that we believe that the prohibition is against recovery on proof of inventory loss alone. However, where as here the insured has offered evidence without conflict that it has suffered loss by reason of theft by four of its employees, and has offered further evidence that no other basis exists to explain the loss, we do not believe that the provisions of the policy preclude after that proof has been made, the use of inventory records to show the amount of the loss.

We hold, therefore, that the trial court is not due to be reversed for permitting this testimony.

■ The only other point adequately raised by the appellant is to the effect that the insured failed to comply with Section 8 of the policy which required the filing of a

proof of loss with the company within four months after the discovery of the loss.

The evidence shows without dispute that a sworn proof of loss was filed with the appellant on April 19, 1966, and suit was filed on August 1, 1966.

The contention of the appellant is that failure to comply with Section 8 of the policy works a forfeiture of any claim arising out of such loss. The appellees contend, on the other hand, that under the authorities of this state the failure to give proof of loss within the time prescribed is a condition precedent to the right to sue, but does not avoid the policy or work a forfeiture of the claim in the absence of a provision in the policy to that effect. We agree with the appellees.

In Vardaman v. Benefit Association of Railway Employees, 263 Ala. 236, 82 So.2d 272, construing a policy provision which required notice of the injury to be made to the company within ten days after the commencement of disability and a further provision to the effect " 'compliance on the part of the insured and beneficiary with all of the terms and conditions of this policy shall be a condition precedent to recovery hereunder' ", we held that the quoted provision contained no clear stipulation compelling forfeiture upon the failure to give notice within the time prescribed. There this court said:

"It is a cardinal principle that in construing the terms of an insurance policy, ambiguities must be resolved in favor of the insured. Especially is this true as to causes which might work a forfeiture of the benefits of the policy. Sovereign Camp, W. O. W. v. Miller, 231 Ala. 336, 164 So. 742. To be effective forfeitures must be expressed in unmistakable terms. Taber v. Royal Ins. Co., 124 Ala. 681, 26 So. 252 * * *."

In its decision the court held, adopting a rule stated in Prudential Ins. Co. v. Gray, 230 Ala. 1, 159 So. 265, 266:

" 'The question of whether the proof is a condition to the existence of the claim or to the right to sue on a claim which had otherwise accrued, depends upon the terms of the policy which fixes the circumstances necessary to create the claim.

" 'We have held, in respect to fire insurance, that, though the benefits are not payable until proof of loss is made, the failure to make the proof in the time designated does not destroy the right of action, but only postpones its maturity, provided the failure is not set up in the policy as a forfeiture of the claim. Westchester Fire Ins. Co. [of New York] v. Green, 223 Ala. 121, 134 So. 881; Home Insurance Co. [of New York] v. Murphy, 223 Ala. 566, 137 So. 393; National Fire Ins. Co. [of Hartford] v. Tennessee Land Co., 224 Ala. 113, 139 So. 227; National Fire Ins. Co. [of Hartford, Conn.] v. Kinney, 224 Ala. 586, 141 So. 350.' "

The court also cited with approval 29 Am.Jur., Insurance, § 1105, p. 829, which is as follows:

" 'The more generally accepted rule * * * is that the requirements of an insurance policy that the insured shall give notice and furnish proofs of loss within a certain time are conditions precedent to the right to sue, but failure to comply with such requirements within the time stipulated does not avoid the policy or work a forfeiture in the absence of a stipulation in the policy to that effect. Such failure merely postpones the day of payment, provided notice is given and proofs of loss are furnished within such time as will enable the insured to bring his suit within the time limited by the policy.' "

In this case the policy provides "No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this policy." We believe that in light of what was said in the foregoing cases, this provision means that the filing

of a proof of loss shall be but a condition precedent to the bringing of suit. This is in effect exactly what the policy says. Nothing in the policy expressly provides that the failure to file proof of loss works a forfeiture. It is contrary to all of our cases to read into the policy such a provision. No other assignment of error having been sufficiently argued, the judgment appealed from is affirmed.

Affirmed.

LIVINGSTON, C. J., and COLEMAN, BLOODWORTH and McCALL, JJ., concur.