**TRANSPORT INSURANCE COMPANY, a foreign insurance corporation, Appellant,**

v.

**FIREMAN'S FUND AMERICAN INSURANCE COMPANY, a foreign corporation, Appellee.**

**No. 248–69.**

United States Court of Appeals, Tenth Circuit.

April 14, 1970.

Joseph A. Sharp, of Best, Sharp, Thomas & Glass, Tulsa, Okl., for appellant.

Richard D. Wagner, Tulsa, Okl. (Alfred B. Knight, Tulsa, Okl., was with him on the brief) for appellee.

Before LEWIS and HILL, Circuit Judges, and LANGLEY, District Judge.

LEWIS, Circuit Judge.

This is a controversy between insurance companies wherein the plaintiff-appellant (Transport) sought a declaratory judgment determining that the defendant-appellee (Fireman's) had issued effective liability insurance covering a claim for personal injuries suffered by one Rutelonis as the result of an accident occurring February 4, 1965, at Tulsa, Oklahoma. The issue was submitted to the trial court on stipulated facts and resulted in a summary judgment favoring Fireman's premised on two legal conclusions: a) Fireman's had a complete policy defense under the required notice provisions of its policy and b) there was no causal relation between the injuries suffered by Rutelonis and the risk carried by Fireman's. The parties agree that the applicable law is that of the state of Texas. The determinative facts may be summarized.

Rutelonis was injured while unloading steel beams from a flat-bed truck at a construction site at Tulsa. He was an employee of the prime contractor but was then assisting a subcontractor, Tuloma Rigging, Inc., a local company engaged by the prime contractor to unload the steel. Tuloma is Transport's in-sured. The steel had been transported to the site on the flat-bed owned by Delta Steel Co., Fireman's insured. Thus possible insurance coverage applicable to the accident rested in Transport for the potential active negligence of Tuloma and in Fireman's as the insurer of the operation, including the unloading, of the Delta truck.

Transport was notified of the accident and investigated it. On March 31, 1965, and again on August 5, 1965, its adjuster made inquiry from Delta as to the identity of Delta's insurance carrier. Delta's employees refused to give this information or the identity of its driver.[1] In August, 1966, Rutelonis filed suit against Tuloma seeking damages for his injuries. In July, 1967, Transport advised Delta of the suit and demanded that Delta undertake the defense. Delta made no response. On November 2, 1967, for reasons not disclosed, Transport made a similar demand upon Employer's Casualty, an insurance company. That company, again for reasons not disclosed, forwarded Transport's letter of demand to Fireman's and it was received by Fireman's on November 9, 1967. It is undisputed that this was the first notice or knowledge that Fireman's had obtained of the accident, injury or suit.

After taking appropriate reservation of rights agreements, Fireman's consulted with Transport about the suit and it was settled with Rutelonis for $14,500, Fireman's expressly denying any obligation therefor.

Standard notice provisions in the Fireman's-Delta policy provided as follows:

> *Notice of Accident.* When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents *as soon as practicable.* Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information

---

1. We accept, as fact, that such inquiries and responses were made, although denied by Delta, because of the summary disposition of the case in the trial court.

respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses.

*"Notice of Claim or Suit.* If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representatives." (emphasis added)

Transport concedes, as it must, that these policy provisions were obviously breached by Fireman's named insured, Delta. However, Transport presents its own insured, Tuloma, as an omnibus insured under the Fireman's policy because the accident happened while the insured vehicle was being unloaded and then urges the applicability of Texas cases [2] giving approval to the text that

"An additional insured, operating an automobile with the permission of the owner, has been held to be a proper person to give notice to the insuror. Such additional insured cannot be expected nor required to give notice before he knew of the existence of the policy or the fact that he was covered thereby * * *." 8 Appleman, Insurance Law & Practice § 4738, at 54.

We can give no comfort to appellant from this test nor the cited cases for they are dependent for result on circumstances not here present. In the case at bar we are not faced with an uninformed insured, unaware of the existence of insurance or the extent of coverage; rather we have as the only interested party (Tuloma had its own insurance) an insurance company interested in a claim to contribution or indemnity from another insurance company. Transport makes no claim that it did not know of the existence of insurance for, acting for itself through its insured, it made inquiry from Delta. And Transport's expertise must include knowledge that both Oklahoma and Texas law, in addition to federal regulations applicable to interstate carriers, imposed minimum insurance requirements. Transport makes no claim to any effort to discover the identity of Delta's insurer through known sources of information or otherwise; nor, after suit was filed, did it attempt to avail itself of state or federal discovery procedures. In the same vein, no reason appears to explain why the information which stimulated the letter to Employer's Casualty was not available two or three years earlier, or if it was available, why it was not acted upon. It seems clear that Transport had both the knowledge and the resources to furnish Fireman's with notice of the accident, claim and suit and failed to do so "as soon as practicable." As Chief Judge Brown aptly states in National Surety Corp. v. Wells, *supra* 287 F.2d at 108:

Whether process is forwarded quickly enough depends on the reasonableness of the action of any such person considering his knowledge and understanding of the probable existence of coverage and some duty to act flowing therefrom.

The trial court correctly held that Fireman's was not given notice as soon as practicable within the terms of its policy. We need not consider other bases for the judgment.

Affirmed.

2. National Surety Corp. v. Wells, 5 Cir., 287 F.2d 102; Allstate Insurance Co. v. Darter, Tex. Civ.App., 361 S.W.2d 254.