Michael David **STANDIFER**, Plaintiff,

v.

**AETNA CASUALTY AND SURETY COMPANY**, a corporation, Defendant.

Eloise (Standifer) **VIVIAN**, Plaintiff,

v.

**AETNA CASUALTY AND SURETY COMPANY**, a corporation, Defendant.

**AETNA CASUALTY AND SURETY COMPANY**, a corporation, Plaintiff,

v.

Frank **VIVIAN** et al., Defendants.

Civ. A. Nos. 69–289, 69–290 and 69–456.

United States District Court,
N. D. Alabama, E. D.

Nov. 20, 1970.

---

Betty C. Love, Love & Love, Talladega, Ala., for Michael David Standifer and Eloise (Standifer) Vivian.

William G. Somerville, Jr., Lange, Simpson, Robinson & Somerville, Birmingham, Ala., for Aetna Casualty and Surety Co.

Huel M. Love and Betty C. Love, Love & Love, Talladega, Ala., for Frank Vivian and others.

## OPINION ON MOTION FOR SUMMARY JUDGMENT

LYNNE, Chief Judge.

These causes, coming on to be heard, were submitted on the motion in Civil Action 69–456 of Aetna Casualty & Surety Company for summary judgment, the three causes having been consolidated for submission on said motion. In their suits (Civil Actions 69–289 and 69–290) Michael David Standifer and Eloise Standifer Vivian claim, under the uninsured motorist coverage of an insurance policy issued by Aetna, damages for injuries received by Michael David Standifer, and in its suit (Civil Action 69–456) Aetna seeks on several grounds to be relieved of liability under the uninsured motorist provisions of the policy. The single question raised by the motion for summary judgment is whether the insurer's obligations are avoided by failure of the insureds to comply with policy conditions requiring that the insureds forward to Aetna copies of the suit papers in their actions against an uninsured motorist.

The pleadings and affidavits establish the following uncontroverted facts: The injuries for which damages are sought from Aetna were sustained by Michael David Standifer in an automobile accident with an uninsured motorist on October 25, 1966. Actions by Michael Standifer and Mrs. Vivian against the uninsured motorist (Howard Garrett) were commenced on November 30, 1966, in a state court. Upon service of Garrett appearances for him were entered on January 5, 1967, but withdrawn on December 6, 1967, default judgments nil dicet were taken against him on January 29, 1968, and the amounts of damages were proven and judgments therefor entered on May 6, 1969. Copies of the suit papers in the actions against Garrett were never forwarded by the insureds to Aetna and notice of the pendency of the actions was first received by Aetna on March 26, 1969, although Mrs. Vivian states that the insurance agency in Sylacauga, Alabama, knew that the suits were being filed. The policy (Policy No. 76 FA 047808 PC, issued to Frank Vivian) sued on in the present actions brought against Aetna provides for uninsured motorist coverage in its Part IV, and applicable to that coverage are certain standard provisions requiring as a condition precedent to any action on the policy that the suit papers in any action against an uninsured motorist be forwarded immediately to the company. These provisions are contained in paragraphs 3 and 6 of its "Conditions" and are set out below.[1] At the pretrial con-

---

1. Paragraph 3 of the Conditions provides:
 "3. NOTICE
 In the event of an accident, occurrence or loss, written notice containing particulars sufficient to identify the Insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the Insured to the Company or any of its authorized agents as soon as practicable. In the event of theft the Insured shall also promptly notify the police. If claim is made or suit is brought against the Insured, he shall immediately forward to the Company every demand, notice, summons or other process received by him or his representative.

ference it was stated for the insureds, and conceded by Aetna for the purpose of its motion for summary judgment, that neither insured had received the policy, which was retained in the office of the insurance agency in Sylacauga. Neither of the insureds asked the agency for a copy of the policy until January 1969, at which time Mrs. Vivian asked for and was given a copy of the agency's "daily".

 It is the rule in Alabama, as in the majority of jurisdictions, that failure of an insured to comply within a reasonable time with such conditions precedent in an automobile liability policy requiring the forwarding of suit papers or the giving of notice of an accident "will release the insurer from the obligations imposed by the contract, although no prejudice may have resulted." American Fire & Casualty Co. v. Tankersley, 270 Ala. 126, 130, 116 So.2d 579, 582 (1959).² Knowledge by the local agency in Sylacauga that suits were being filed is no substitute for compliance with the requirement that the suit papers be forwarded to the Company. See, e. g., 7 Am.Jur.2d, Automobile Insurance § 186, at 525; National Surety Corp. v. Dotson, 270 F.2d 460 (6th Cir. 1959); Royal Indem. Co. v. Watson, 61 F.2d 614

(5th Cir. 1932); DeVigil v. General Accident Fire & Life Assur. Corp., 146 F. Supp. 729 (D.Haw.1956); Prassel Enterprises, Inc. v. Allstate Ins. Co., 405 F.2d 616 (5th Cir. 1968). *Cf.* Alabama Farm Bureau Mut. Cas. Ins. Co. v. Teague, 269 Ala. 53, 55, 110 So.2d 290 (1959); Continental Ins. Co. v. Parkes, 142 Ala. 650, 657, 39 So. 204 (1905). And the failure of the insureds to ever forward the suit papers to Aetna—or even to give written notice to it of the pendency of the actions against the uninsured motorist until some 28 months after they were commenced and 16 months after entry of the judgments nil dicet—requires the conclusion that, as a matter of law, they breached the condition of the policy unless their failure may be excused by the fact that the policy was retained by the agent and not delivered to them. Delays of much shorter periods in complying with similar policy conditions are unreasonable as a matter of law. *E. g.*, Paris v. State Farm Mut. Auto. Ins. Co., 391 F.2d 595 (5th Cir. 1968); McPherson v. St. Paul Fire & Marine Ins. Co., 350 F.2d 563 (5th Cir. 1965); Greyhound Corp. v. Excess Ins. Co., 233 F.2d 630 (5th Cir. 1956); Phoenix Assur. Co. v. Harry Harless Co., *supra*; Lee v. Bituminous Cas. Corp., 330 F.2d 514 (5th

---

"If, before the Company makes payment of loss under Part IV, the Insured or his legal representative shall institute any legal action for bodily injury against any person or organization legally responsible for the use of an automobile involved in the accident, a copy of the summons and complaint or other process served in connection with such legal action shall be forwarded immediately to the Company by the Insured or his legal representative."
Paragraph 6 of the Conditions provides in pertinent part:
"6. ACTION AGAINST COMPANY
\* \* \* \* \*
Parts II, III, and IV
No action shall be against the Company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy nor, under Part III, until thirty days after proof of loss is filed and the amount of loss is determined as provided in this policy."

2. See also Phoenix Assur. Co. v. Harry Harless Co., 303 F.Supp. 867 (N.D.Ala.), aff'd, 414 F.2d 794 (5th Cir. 1969). Nothing in American Fire & Casualty Co. v. Burchfield, 285 Ala. 358, 232 So. 2d 606 (1970), or in the authorities on which that decision relies, warrants a conclusion that *Tankersley* is no longer controlling with respect to the effect of conditions precedent in an automobile liability policy requiring the forwarding of suit papers and the giving of notice of the accident within a reasonable time; indeed, *Burchfield* and the line of cases which it follows are entirely consistent with the *Tankersley* rule relieving the insurer of liability altogether if there is unreasonable delay in complying with such policy provisions. See Prudential Ins. Co. v. Gray, 230 Ala. 1, 2, 159 So. 265, 266 (1934); Vardaman v. Benefit Ass'n, etc., 263 Ala. 236, 239, 82 So.2d 272 (1955).

Cir. 1964). *Cf*. Provident Life & Acc. Ins. Co. v. Heidelberg, 228 Ala. 682, 154 So. 809, 811 (1934) (Delay of 8½ months in filing proof of death held unreasonable as matter of law.)

■ The insureds contend that they are not bound by and should be excused from compliance with this condition because the policy was retained in the office of the agent in Sylacauga. An insured, however, must follow a course of reasonable diligence to obtain such information as will enable him to comply with the policy provisions. Greyhound Corp. v. Excess Ins. Co., *supra*, 233 F.2d at 636; 14 Couch, Insurance 2d, § 49:-425. Accordingly, an omnibus insured without knowledge of the policy's existence or the insurer's identity is bound by policy conditions governing notice and forwarding of suit papers, and his failure to use due diligence in pursuing available means of ascertaining the existence and terms of the policy resulting in unreasonable delay in complying with its conditions will relieve the insurer of liablity. See, *e. g.*, Navigazione Alta Italia v. Columbia Cas. Co., 256 F.2d 26 (5th Cir. 1958); International Harvester Co. v. Continental Cas. Co., 33 Ill. App.2d 467, 179 N.E.2d 833 (1962); Transport Ins. Co. v. Fireman's Fund American Ins. Co., 424 F.2d 210 (10th Cir. 1970); Nelli v. National Surety Corp., 34 Misc.2d 976, 229 N.Y.S.2d 174 (1962); Allstate Ins. Co. v. Manger, 30 Misc.2d 326, 213 N.Y.S.2d 901 (1961); Capital Rental Equip. Co. v. Pacific Indem. Co., 193 F.Supp. 897 (W. D.Tex.1961); Velkers v. Glens Falls Ins. Co., 93 N.J.Super. 501, 226 A.2d 448 (1967). *Cf*. Kimsey v. Jefferson Standard Life Ins. Co., 230 Ala. 550, 161 So. 796 (1935). The affidavits in the present case disclose without dispute that not until January 1969 did Mrs. Vivian or Mr. Standifer make any effort to obtain a copy of the policy from the Sylacauga agency and a copy was furnished to them when they asked for it; no excuse is given for their failure to inquire earlier. In these circumstances, as in the analogous circumstances of the above cases, it must be concluded as a matter of law that the insureds did not exercise the diligence necessary to excuse their failure to comply with the policy conditions. Moreover, the pertinent conditions precedent in the policy presently sued on are standard provisions, and there is authority that they therefore are deemed to be binding on the parties notwithstanding nondelivery of the policy. See 12 Appleman-Insurance Law and Practice, § 7225, at 322–23; 14 Couch, Insurance 2d, § 49:486; 16A Appleman-Insurance Law and Practice, § 9143, at 441; Liverpool & London & Globe Ins. Co. v. McCree, 210 Ala. 559, 98 So. 880; Barre v. Council Bluffs Ins. Co., 76 Iowa 609, 41 N.W. 373; Bourdage v. Rifco Auto Leasing Co., 66 Ill. App.2d 116, 213 N.E.2d 77 (1965).

Accordingly, the court concludes that there is no genuine issue as to any fact material to decision in these causes and that Aetna Casualty & Surety Company is entitled as a matter of law to summary judgment. Appropriate orders in conformity with this opinion therefore will be entered in each of these three causes.

## JUDGMENT

In conformity with the opinion of the court contemporaneously filed herein:

It is hereby ordered, adjudged and decreed by the court that the plaintiff, Michael David Standifer, have and recover nothing of the defendant, Aetna Casualty & Surety Company.

## JUDGMENT

In conformity with the opinion of the court contemporaneously filed herein;

It is hereby ordered, adjudged and decreed by the court that the plaintiff Eloise (Standifer) Vivian, have and recover nothing of the defendant, Aetna Casualty & Surety Company.

## SUMMARY JUDGMENT

In conformity with the opinion of the court contemporaneously entered herein,

it is hereby ordered, adjudged and decreed by the court:

1. That the motion of plaintiff for summary judgment be and the same is hereby granted; and

2. That plaintiff, Aetna Casualty & Surety Company, a corporation, has no obligation to defendants under its policy of insurance No. 76 FA 047808 PC issued to Frank Vivian for or on account of bodily injury sustained by defendant Michael David Standifer on October 25, 1966.