This is an appeal from a summary judgment granted in favor of an insurance company in a declaratory judgment action. The judgment denied coverage as a matter of law, based upon the named insured's delay of at least three years and nine months in giving notice to the insurer of lawsuits filed against the insured.
On October 23, 1977, Employers Insurance Company of Alabama, Inc. (Employers) issued a general liability automobile policy to Big Three Motors, Inc. (Big Three Motors), wherein Employers agreed to
 "pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of (a) bodily injury or (b) property damage to which this insurance applies caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage."
The policy defines the term "occurrence" as "an ACCIDENT, including continuous or repeated exposure to conditions which result in bodily injury or property damage neither expected nor intended from the standpoint of the insured." The policy also contained the following notice provisions:
 "4. Insured's Duties in the Event of Occurrence, Claim or Suit:
 (a) In the event of an occurrence, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of available witnesses shall be given by or for the insured to the company or any of its authorized agents as soon as practicable.
 (b) If claim is made or suit is brought against the insured, the insured shall immediately forward to the company *Page 1234 
every demand, notice, summons or other process received by him or his representative.
* * * * * *
 5. Action Against Company: No action shall lie against the Company unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this policy."
On April 4, 1978, Fred E. Roan, Jr., repossessed the automobile of C.W. and Christine Rutherford. On April 5, 1978, the Rutherfords filed separate lawsuits against Big Three Motors and other defendants based upon this repossession.
Christine's complaint, as amended, alleged that on April 4, 1978, she was driving a 1974 Cadillac when Roan, while acting within the scope of his authority as the agent, servant, or employee of Big Three Motors, caused the truck he was driving to force Christine to pull over to the side of the road, where Roan "willfully, intentionally, wantonly, fraudulently and under circumstances attended by malice and deceit" entered her car and forced her to drive to the Big Three Motors car lot, where she was unlawfully arrested and imprisoned and her car taken from her possession. C.W.'s complaint, as amended, alleged that Big Three Motors converted to its own use his 1974 Cadillac and various items of property contained therein and that this repossession occurred without due process of law.
These cases were heard in Mobile Circuit Court, and on December 16, 1981, verdicts were rendered in favor of Christine and C.W. Rutherford in the amounts of $15,000.00 and $10,000.00, respectively. This Court affirmed these judgments in Big Three Motors, Inc. v. Rutherford, 432 So.2d 483 (Ala. 1983).
Shortly after these judgments were rendered, Mrs. Fred Roan, Sr., discovered a copy of an insurance policy which Employers had issued to Big Three Motors on October 23, 1977. Mrs. Roan immediately notified Big Three Motors' independent insurance agent, W.K.P. Wilson, of these judgments, and on or about January 5, 1982, attorneys for Big Three Motors provided copies of the Rutherfords' complaints as amended to a W.K.P. Wilson 
Sons, Inc. representative. On February 2, 1982, another Wilson employee sent a letter to Employers, enclosing a copy of Big Three Motors' motion for judgment notwithstanding the verdict and/or new trial and/or remittitur.
Employers denied coverage for these judgments and, on April 1, 1982, filed this declaratory judgment action in Mobile Circuit Court to determine its obligation to defend or provide coverage to Big Three Motors for the Rutherfords' claims. In its complaint, Employers alleged that it owed no coverage to Big Three Motors because 1) Big Three Motors breached the express condition precedent to coverage by failing to immediately forward copies of the Rutherfords' complaints to Employers; and 2) the intentional conduct complained of in the Rutherfords' suits was not an "occurrence" within policy coverage.
In its answer, Big Three Motors argued that the policy would cover the Rutherfords' claims because 1) although notice was given at least three years and nine months after the suits were filed, Big Three Motors was unaware of the existence of this policy until that time; and 2) the injuries which Big Three Motors allegedly inflicted upon the Rutherfords were neither "expected nor intended from the standpoint of the insured," Big Three Motors, and therefore fell within the definition of the term "occurrence."
Employers filed a motion for summary judgment, which contained a brief in support thereof. Although Big Three Motors filed a brief in opposition, Employers' motion for summary judgment was granted on April 29, 1983. Big Three Motors then filed a notice of appeal to this Court.
The issues presented for review are 1) whether the named insured's delay of at least three years and nine months in forwarding suit papers to its insurer breached the express condition precedent to policy *Page 1235 
coverage; and 2) whether the allegations in the Rutherfords' complaints state claims for injuries which are not "occurrences" within the scope of the policy coverage.
The policy which Employers issued to the named insured, Big Three Motors, clearly makes the insured's duty of immediately forwarding suit papers to the insurer a condition precedent to insurance defense and coverage:
 "4. Insured's Duties in the Event of Occurrence, Claim or Suit:
 (b) If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.
* * * * * *
 5. Action Against Company: No action shall lie against the Company unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this policy."
(Emphasis added.)
However, Big Three Motors contends that its three-year-and-nine-month delay in forwarding suit papers to its insurer did not constitute a breach of the express condition precedent to policy defense and coverage because its ignorance of the existence of the policy during this interval constitutes an extenuating circumstance and the delay in no way prejudiced Employers. We disagree.
The term "immediately," as used in the subject policy, has been construed to require that notice be given "`within a reasonable time' in view of all the facts and circumstances of the case." Southern Guaranty Ins. Co. v. Thomas, 334 So.2d 879,882 (Ala. 1976) (related authority omitted).
To determine the reasonableness of a delay in giving notice to an insurer, this Court traditionally considers the length of the delay and the reasons for the delay. Southern Guaranty,supra, 334 So.2d at 882. The question of whether the insurer was prejudiced by the delay is immaterial to this determination where, as in this case, the giving of reasonably timely notice is expressly made a condition precedent to any action against the insurer. American Fire Casualty Co. v. Tankersley,270 Ala. 126, 116 So.2d 579 (1959). We, therefore, cannot consider the insured's argument which alleged that its delay was reasonable because no prejudice to Employers resulted.
The length of the insured's delay in forwarding suit papers to its insurer is easily computed: The Rutherfords filed their actions against Big Three Motors on April 5, 1978, and judgments were entered in their favor on December 16, 1981. On January 5, 1982, precisely three years and nine months after the Rutherford actions commenced, Big Three Motors provided copies of the Rutherfords' complaints as amended to its independent agent, W.K.P. Wilson Sons, Inc. Employers then received written notice of these prior actions and judgments against its insured on February 2, 1982, approximately three years and ten months after the commencement of the Rutherford litigation.
Big Three Motors contends, however, that its delay was reasonable because it had no knowledge of the existence of the policy until January 1982, and upon discovery thereof,immediately notified its insurance agency.
In support of this contention, the insured cites AmericanLiberty Ins. Co. v. Soules, 288 Ala. 163, 258 So.2d 872 (1972), where this Court held that a delay of eleven months was not unreasonable on the part of an unnamed, additional insured where the unnamed insured had no knowledge of the existence of his parents' homeowner's policy.
Yet, the rationale for denominating an eleven-month delay on the part of an unnamed insured who neither applied for nor obtained possession of the policy "reasonable" has no relevance to the question of the reasonableness of a delay of at leastthree years and nine months on the part *Page 1236 
of the named insured who both applied for and obtained possession of the subject policy only a few months before the Rutherford litigation.
We therefore hold that such an excuse on the part of a named
insured is insufficient to justify a delay of at least three years and nine months in forwarding suit papers to its insurer. This dilatory conduct constitutes a breach of the express condition precedent to policy defense and coverage. In view of this holding, we pretermit consideration of the remaining issue.
The summary judgment on behalf of Employers Insurance Company of Alabama is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, EMBRY and ADAMS, JJ., concur.