This is an appeal by State Farm Mutual Automobile Insurance Company (State Farm) of a summary judgment entered against it in a suit filed by Norman Burgess to collect uninsured motorist benefits. We reverse the judgment of the trial court.
On August 8, 1979, Burgess, while driving a semi-trailer truck, was involved in a collision in Tennessee with another truck. Burgess sustained serious physical injuries in the accident. In June 1980, Burgess filed suit against the owner and the driver of the other vehicle involved in the collision. This suit was tried in September 1983 and resulted in a jury verdict of $250,000.00 in Burgess's favor.
While the litigation with the owner and driver of the other truck was still pending, Burgess became aware of the possibility that these defendants were not insured. Burgess then notified his insurance company, State Farm, of the accident by filing an "Automobile Claim Report" with the company, dated August 31, 1981. Burgess had two vehicles insured with State Farm, both of which had uninsured motorist coverage.
Burgess's policy form read in part as follows:
POLICY CONDITIONS
 (The Policy Conditions Apply to All Coverages Unless Otherwise Noted)
 1. Notice. In the event of an accident or loss, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, and the names and addresses of injured persons and available witnesses, shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. . . . [Emphasis in original.]
. . . .
 If, before the company makes payment of loss under coverage U, the insured or his legal representative shall institute any legal action for bodily injury
against any person or organization legally responsible for the use of a motor vehicle involved in the accident, a copy of the summons and complaint or other process served in connection with such legal action shall be forwarded immediately to the company by the insured or his legal representative. [Emphasis in original.]
 2. Action Against Company. No action shall lie against the company:
 (a) Unless as a condition precedent thereto there shall have been full compliance with all terms of this policy.
The policy provisions relevant here are the requirements that Burgess notify State Farm of the accident in writing as soon aspracticable thereafter, and additionally, that Burgess send to State Farm a copy of the summons and complaint filed against the owner and driver of the other truck immediately upon filing suit. Burgess did not notify State Farm of the accident until August 1981, over two years after it occurred. Burgess never sent State Farm a copy of the summons and complaint filed in his personal injury action.
Based on failure to comply with the notice provisions of the policy, and failure to send a copy of the summons and complaint, State Farm denied Burgess's request for uninsured motorist benefits. Burgess filed suit to recover those benefits in August 1983. The trial court granted summary judgment in favor of Burgess based on the pleadings, affidavits, deposition, and exhibits. *Page 636 
The court held that there was no genuine issue of material fact, and that Burgess was entitled to judgment as a matter of law.
The issue here is whether, under the undisputed facts of this case, Burgess is entitled to collect uninsured motorist benefits in spite of alleged non-compliance with policy notice provisions and failure to forward suit papers.
We first address Burgess's failure to notify State Farm of the accident until over two years after it occurred, although his policy required notice "as soon as practicable." This Court has construed the phrase "as soon as practicable" to mean "within a reasonable time" in view of all the facts and circumstances of the case. Southern Guaranty Insurance Co. v.Thomas, 334 So.2d 879 (Ala. 1976). The Court discussed reasonableness in this way:
 [U]nder Alabama law there are only two factors to be considered in determining the reasonableness of a delay in giving notice to an insurer: the length of the delay and the reasons for the delay. The insured has argued that another factor should be considered, viz., the absence of prejudice to the insurer from the delay. But, under our cases, whether the insurer was prejudiced by the delay is immaterial to a determination of the reasonableness of the delay where the giving of reasonably timely notice is expressly made a condition precedent to any action against the insurer, as in this case.
334 So.2d at 883. Therefore, under existing Alabama case law, the reasonableness of Burgess's delay would be measured only by the reasons for the delay and the length thereof. The adoption of a rule requiring the insurer to show prejudice as a factor in determining reasonableness was rejected not only in Thomas,supra, but more recently in Pharr v. Continental CasualtyCompany, 429 So.2d 1018 (Ala. 1983).
Under our cases then, Burgess should recover if he showed reasonable grounds for his delay in notifying State Farm. Nowhere does Burgess expressly state his reasons for delay. Implicit in statements in both his complaint and affidavit, however, is the inference that he did not realize the defendants in his personal injury lawsuit were uninsured until "some time" after he filed his law suit.
Although this case involves uninsured motorist benefits, the following excerpt regarding liability coverage is insightful:
 It is generally recognized that the insured may be excused for a delay or failure to give the required notice to the insurer where it appears that, acting as a reasonably prudent person, he believed that he was not liable for the accident. Thus where the insured has no reasonable grounds for believing that any act or omission by it, or any act of its employees was the cause of an injury upon which an action was later based by an injured party against the insured, the insured was held not to be required to give any notice to the insurer under a liability policy requiring notice of an accident to be given "as soon as practicable." [Footnotes omitted.]
44 Am.Jur.2d Insurance § 1474 (1969). This Court adopted the above statement in Thomas, supra. The same reasoning applied above to liability coverage can be applied to the present uninsured motorist situation, in which Burgess had no immediate knowledge or reason to believe that the defendants in his lawsuit were uninsured. In fact, generally, the insured under uninsured motorist coverage is in a different position than the insured under liability coverage and, arguably, should be entitled to greater leniency in determining the reasonableness of delay in giving notice. One authority differentiates between liability insureds and uninsured motorist insureds in this way:
 There really is little excuse for an insured, who ought to be scared to death when involved in a serious collision which could result in vast judgments against him, not giving prompt notice. One can conceive of such person being somewhat more lackadaisical when his own injuries are concerned, particularly if he regards *Page 637 
UM coverage as a type of accident insurance, and may be looking initially to the tortfeasor to reimburse him.
8C Appleman, Insurance Law and Practice § 5083.35 (1981). Appleman notes further that because of this distinction, some jurisdictions allow lack of prejudice to the insurer to be considered as bearing on reasonableness for delay in uninsured motorist cases, and other jurisdictions even require a showing of prejudice by the insurer before it is excused from paying. This differs from liability coverage, in regard to which prejudice to the insurer is not required by the majority of jurisdictions, and is not allowed to bear on reasonableness of delay in Alabama. Thomas and Pharr, supra.
This Court has not squarely addressed whether prejudice to the insurer should be a consideration in uninsured motorist cases. As we have stated, Thomas and Pharr dealt with liability coverage only. The above discussion and excerpts, however, illustrate the difference between the two types of insurance as far as reasonableness of delay is concerned. We now hold that in uninsured motorist insurance cases, unlike liability insurance cases, prejudice to the insurer is a factor to be considered, along with the reasons for delay and the length of delay, in determining the overall reasonableness of a delay in giving notice of an accident. In the typical case, the insured must, at a minimum, put on evidence showing the reason for not complying with the insured's notice requirement. This prerequisite satisfied, the insurer may then demonstrate that it was prejudiced by the insured's failure to give timely notice. If the insurer fails to present evidence as to prejudice, then the insured's failure to give notice will not be a bar to his recovery. When the insurer puts on evidence of prejudice, however, the reasonableness of the failure to give notice then becomes a question of fact for a jury to decide.
We emphasize that the use of prejudice as bearing on reasonableness of delay applies only to uninsured motorist cases. Those situations dealing with liability coverage are still governed by Thomas and Pharr, supra.
Applying the above principles to the present case, we hold that the trial court was incorrect in granting summary judgment in favor of the insured. Burgess presented evidence of his reasons for delay, and the insurer, undoubtedly relying on existing case law, failed to show it was prejudiced by the delay. In view of our holding today, this cause must be remanded to allow the insurer the opportunity to submit evidence on the question of prejudice. If such evidence is put on by State Farm, then a jury question is presented and summary judgment is therefore precluded.
Burgess's insurance policy also required that he send State Farm a copy of the complaint filed against the uninsured motorist immediately upon commencement of the action. Burgess never sent such a copy to the company. State Farm relies onAlmeida v. State Farm Mutual Insurance Co., 53 Ala. App. 175,298 So.2d 260 (1974), and Alabama Farm Bureau Insurance Co. v.Cook, 388 So.2d 1001 (Ala.Civ.App. 1980), in support of its position that this failure to comply with that provision is fatal to Burgess's attempt to collect the policy benefits.
We distinguish Almeida and Cook from the present case. In both of those cases, the insured had not only commenced a lawsuit, but had already obtained a judgment against the uninsured motorist before notifying the insurance company and seeking to recover the uninsured motorist coverage benefits. The Court of Civil Appeals held that the insured's failure to send the suit papers to the insurer barred the recovery of insurance benefits.
In the present case, although Burgess never forwarded to State Farm a copy of the complaint he filed, the insurance company, over two years before the trial of his case, had notice of the accident and the fact that legal action was involved. We adopt the same position in regard to forwarding *Page 638 
suit papers as we did above in regard to giving notice of the accident, that is, that prejudice to the insurer is a factor in determining reasonableness. This applies only in the case of uninsured motorist coverage; Pharr, supra, remains the law in liability coverage cases.
Under the facts in this case, the trial court was incorrect in granting summary judgment for Burgess, as State Farm is entitled to put on evidence as to prejudice, and given that, the question of reasonableness of delay in giving notice or failing to forward suit papers becomes an issue of fact for the jury.
For the above-stated reasons, the judgment of the Circuit Court of Houston County is reversed, and the case remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
MADDOX, FAULKNER, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
TORBERT, C.J., not sitting.