505 So.2d 295 (1986)
Lonnie CORRELL and Lonnie Correll & Associates
v.
FIREMAN'S FUND INSURANCE COMPANIES; Standard Fire Insurance Company; Walton A. Creamer; Richard D. Creamer; and Lula F. Creamer.
85-26.
Supreme Court of Alabama.
November 14, 1986.
As Corrected on Denial of Rehearing March 27, 1987.
Gary C. Sherrer, of Buntin & Cobb, Dothan, for appellants.
John M. Milling, Jr., of Hill, Hill, Carter, Franco, Cole & Black, Montgomery, for appellees.
BEATTY, Justice.
Lonnie Correll and Lonnie Correll & Associates filed a complaint for declaratory judgment in Houston Circuit Court for the purpose of determining whether Fireman's Fund Insurance Companies ("Fireman's Fund") should provide a defense and afford coverage to Correll and Correll & Associates for any liability which might result from the matters alleged in four underlying lawsuits brought by the Creamers. The trial court granted summary judgment in favor of Fireman's Fund, finding no duty to defend, but reserving until the resolution of the underlying lawsuits the issue of whether there is a duty to provide coverage. The court entered a Rule 54(b), A.R. Civ.P., order making the summary judgment final, and this appeal followed. We affirm.
Fireman's Fund issued a "life underwriters professional liability" policy to Correll. The policy is commonly known as an agent's "errors and omissions" policy. Correll was a general agent for Standard Life Insurance Company. The pertinent provisions of the policy are as follows:
"1. Insuring Clause: This insurance... will pay on behalf of the insured [Correll] all sums which the Insured shall become obligated to pay by reason of liability for: (a) Breach of duty as a Life Underwriter ... claim for which is made ...by reason of any negligent act, error or omission committed or alleged to have been committed by the Insured."
"....
"6. Defense ...: the Company shall:

*296 "(a) defend in Insured's name ... any suit against the Insured alleging such negligent act, error or omission...."
"....
"....
"8. Exclusions. This insurance does not apply:
"(a) to any fraudulent or criminal act or omission of the Insured...." (Emphasis added.)
Each of the complaints filed by the Creamers involved a separate life insurance policy that Correll, as an agent for Standard Life Insurance Company, had sold to the Creamers. In each suit, the insured alleged that Correll "forged" the insured's name to a policy loan application without the knowledge, consent, or approval of the insured. In addition, the complaints alleged that Correll "forged" the insured's endorsement on the back of the policy loan check and deposited the proceeds in his bank account. Each insured alleged that this "embezzlement" was intentional, willful, malicious, gross and/or oppressive, and done with intent to injure the insured. Correll admitted that he signed the Creamers' names to the policy loan applications and to the loan proceed checks. However, he testified that this was done based upon prior dealings with the Creamers wherein he had done this in order to obtain money to make premium payments for the Creamers.
Fireman's Fund argues that this Court should not look any further than the allegations in the complaints to determine whether Fireman's Fund has a duty to defend Correll. Since the complaints do not allege "negligent acts, errors or omissions," Fireman's Fund contends that it does not owe a duty to defend or provide coverage.
Citing Pacific Indemnity Co. v. Run-A-Ford Co., 276 Ala. 311, 161 So.2d 789 (1964), plaintiffs contend that this Court should look not only to facts alleged but to other facts which might be proved in order to determine the insured's obligation to defend.
In Pacific Indemnity Co., this Court was asked to determine whether, under the express terms of the policy at issue, the insurer was obligated to provide a defense for the insured against a claim wherein a party alleged that she had been injured by the insured's agent while he was "loading or unloading" the insured's delivery truck. The party had alleged in her complaint that her injury had been caused by the agent's negligent acts, but had not recited any underlying facts in support of this allegation. It was impossible to determine, from the face of the complaint, whether the alleged injury had been caused by the agent's actions in "loading or unloading" the truck, i.e., whether the alleged injury was a "covered injury." This Court found the provision of the policy, wherein the insurer's obligation to defend was expressed, to be ambiguous in that it was susceptible to either of two different constructions: Either the insurer was to defend (1) only a suit in which the complaint itself, without the aid of other facts, contains allegations sufficient to establish the conclusion that the "injury alleged" is covered by the policy, or (2) any suit in which the complaint alleges "any injury" which is within the policy coverage but which can be shown to be within this coverage only when facts, which do exist but are not alleged in the complaint, are taken into consideration. Because of this ambiguity, this Court properly construed the provision in favor of the insured and adopted the latter construction, i.e., we allowed the consideration of facts not alleged in the complaint to be used in determining whether, under the policy, the injury alleged was covered. However, no ambiguity exists in the provisions of the policy in the present case.
The emphasized language in the policy quoted earlier makes it clear that Fireman's Fund was to provide coverage to Correll only in those suits in which a "claim" for negligence is made. Further, Fireman's Fund is obligated to provide a defense only in those suits wherein a negligent act is "alleged." The insurance was not to apply to any claim made because of *297 any "fraudulent or criminal act or omission of the Insured."
It is clear from the record, as explained by the trial court, that the Creamers' claims against Correll charge only "intentional acts of forgery, embezzlement, intentional or wanton conversion, breach of contract, tortious bad faith, breach of contract and outrageous conduct." Therefore, under the express terms of the policy, the Creamers have stated no claim against Correll for which Fireman's Fund is obligated to provide either a defense or coverage.
Because the trial court reserved its decision on the coverage issue, the cause is remanded to that court for further proceedings on that issue.
AFFIRMED AND REMANDED WITH DIRECTIONS.
TORBERT, C.J.,[*] and MADDOX,[*] ADAMS and HOUSTON,[*] JJ., concur.
JONES, ALMON,[*] SHORES and STEAGALL, JJ., dissent.
STEAGALL, Justice (dissenting).
I must respectfully dissent from the majority's conclusion that Fireman's Fund is not obligated to defend Correll against the Creamers' claims.
In Pacific Indemnity Co. v. Run-A-Ford Co., 276 Ala. 311, 318, 161 So.2d 789, 795 (1964), this Court stated:
"We are of opinion that in deciding whether a complaint alleges such injury, the court is not limited to the bare allegations of the complaint in the action against the insured but may also look to facts which may be proved by admissible evidence in a suit for declaratory relief such as the instant case."
Ladner & Co. v. Southern Guaranty Insurance Co., 347 So.2d 100 (Ala.1977), followed the holding in Pacific Indemnity without stating that its application was limited to ambiguous policy provisions. The Court also noted that, for purposes of determining a liability insurer's duty to defend, the complaint against the insured should be liberally construed in favor of the insured, and that this construction permits the court to look to facts outside the bare allegations of the complaint. Id. The holding in Ladner has been followed by this Court in Alabama Farm Bureau Mutual Casualty Insurance Co. v. Moore, 349 So.2d 1113 (Ala.1977), and by the Fifth Circuit Court of Appeals in Atlantic Mutual Fire Insurance Co. of Savannah v. Cook, 619 F.2d 553 (5th Cir.1980), and St. Paul Insurance Cos. v. Talladega Nursing Home, Inc., 606 F.2d 631 (5th Cir.1979).
The record in the instant case contains the affidavit of Correll, in which he states that he understood, based on prior dealings with the Creamers, that he had their permission to sign for and process loans in order to make premium payments for them. These facts are sufficient to support an allegation of error or negligence which is covered by the policy of insurance with Fireman's Fund.
In light of the foregoing, I would reverse the trial court's determination that Fireman's Fund is not obligated to defend Correll against the Creamers' claims; however, I agree with the majority that the issue of coverage should be remanded to the trial court for further proceedings.
JONES, ALMON and SHORES, JJ., concur.
NOTES
[*] Although Chief Justice Torbert and Justices Maddox, Almon, and Houston did not sit at oral argument, they have studied the record and briefs and have listened to the tape of oral argument.