This is the second appeal in this declaratory judgment action involving an insurance policy dispute. In the first appeal, this Court upheld a summary judgment in favor of Fireman's Fund Insurance Companies ("Fireman's Fund"), which was based upon a finding that the insurer was under no duty to defend certain lawsuits. For a review of that decision and of the facts thereof, see Correll v. Fireman's Fund Ins. Cos., 505 So.2d 295
(Ala. 1986). On November 14, 1986, this Court remanded that cause for further proceedings because the trial court had reserved its decision on the coverage issue. It is clear that the underlying complaints considered by the trial court, and by this Court in that case, had not alleged "negligent acts, errors, or omissions" as exemplified by the complaint and by the pretrial order of January 28, 1986.
The notice of appeal from the trial court's ruling in the first case was filed on October 9, 1985. On April 29, 1986, the plaintiff, Walton A. Creamer, amended his complaint in his underlying action by adding Count VI, which alleged that the defendants (the insureds, Lonnie Correll and Correll 
Associates) "negligently conducted the handling of the policy loan and/or policy check in this matter." Thereafter, acting upon a motion by the plaintiff, Walton Creamer, and the defendants, filed on May 1, 1986, the trial court entered the following consent judgment in favor of plaintiff:
 "It is therefore ORDERED, ADJUDGED, and DECREED that final judgment is hereby entered in favor of Plaintiff Walton A. Creamer and against Defendant Lonnie Correll and Associates in the amount of $100,000.00 plus court costs, for which let execution issue."
Then, on May 8, 1986, all of the plaintiffs in the underlying lawsuits, and the defendants filed their "agreement to Satisfy Judgment" wherein they stated that judgments in the four underlying actions were agreed to be settled. A schedule of payments and conditions was detailed therein, and all parties executed the agreement.
The record does not disclose that any notice of the settlement, Walton Creamer's amended complaint, the motion, the consent judgment, or the agreement to satisfy the judgment was ever sent to the defendants' insurer, Fireman's Fund, or its counsel. What the record does show is a letter dated April 14, 1987, from defendants' counsel to counsel for Fireman's Fund, enclosing copies of these documents and demanding that Fireman's Fund pay the amounts agreed upon to settle these lawsuits, adding:
 "The basis of this demand is that each of the Creamer lawsuits was amended to include a count for negligence. This amendment took place in April of 1986, after the appeal to the Supreme Court was under way. After such amendments were made, judgments were entered against my clients in the amount of $100,000.00 per case. A settlement agreement was then entered into whereby *Page 1008 
upon the payment of $45,000.00 by my clients over a period of five (5) years, said judgments would be deemed satisfied."
According to the record, this notice was given approximately one year after the amendment was filed and approximately 11 months after the consent judgment was entered.
Upon remand from this Court, the parties presented these documents, authorities, and argument, following which the trial court entered the following order:
 "Upon consideration of the submitted facts, briefs of law, and argument of counsel, it is hereby
 "ORDERED, ADJUDGED, DECREED AND DECLARED THAT THE RIGHTS OF THE PARTIES ARE AS FOLLOWS:
 "(1) That the amendment in this case came too late and was ineffective to bring about a duty to defend and [to provide] coverage. The amendment to the complaint alleged a new cause of action requiring the defendant to defend. However, in that such was in conjunction with a settlement agreement the defendant, Fireman's Fund Insurance Companies, was not given notice or an opportunity to defend. Seaboard Industries, Inc. v. Monaco, [258 Pa. Super. 170], 392 A.2d 738 [(1978)]."
The trial court then declared that Fireman's Fund was not obligated to pay any of the judgments entered in the four underlying cases.
The amendment to the underlying action, obviously, was made to charge negligence and thus to come within the terms of the Fireman's Fund policy, i.e., the insuring clause and the defense clause. Correll v. Fireman's Fund, supra, 505 So.2d at 29596. The question now presented is whether the notice provisions of that policy have been complied with under these facts so as to cast liability upon Fireman's Fund to pay the amounts due under the settlement agreement.
The "notice" provision in the applicable policy states:
 "The insured shall as a condition precedent to his right to be indemnified under the insurance give to the company as soon as practicable notice in writing:
"(a) of any claim against him. . . ."
It is clear that no notice of the "negligence" claim was given to Fireman's Fund. The notice it did receive was a demand to pay after that claim had been reduced to a judgment. Plaintiffs contend that no notice of the negligence claim was necessary because Fireman's Fund had refused to defend them in the underlying actions at its peril, citing Ladner Co. v.Southern Guaranty Ins. Co., 347 So.2d 100 (Ala. 1977). In the alternative, plaintiffs contend that, at all events, the delay in giving notice was reasonable for two reasons: (1) the underlying cases against Correll were settled and judgments entered within seven days of the time the amendment was made; and (2) Fireman's Fund received notice of the amendment and settlement within 17 days after this Court's final ruling in the first appeal.
In Big Three Motors, Inc. v. Employers Ins. Co. of Ala.,449 So.2d 1232 (Ala. 1984), the defendants had given notice of judgments rendered against them shortly after the entry of those judgments. The judgments, however, sprang from actions that had been filed some three years and nine months before the notice of the judgments. The reason given for the delay in giving notice was that the defendant was unaware of the existence of the insurance policy affording him coverage, and thus of its notice provision, until that time. In deciding that the notice in question was untimely, this Court examined the legal standard applicable on that issue:
 "To determine the reasonableness of a delay in giving notice to an insurer, this Court traditionally considers the length of the delay and the reasons for the delay. Southern Guaranty [Insurance Company v. Thomas], 334 So.2d [879] at 882 [Ala. 1976]. The question of whether the insurer was prejudiced by the delay is immaterial to this determination where, as in this case, the giving of reasonably timely notice is expressly made a *Page 1009 
condition precedent to any action against the insurer. American Fire Casualty Co. v. Tankersley, 270 Ala. 126, 116 So.2d 579 (1959). We, therefore, cannot consider the insured's argument which alleged that its delay was reasonable because no prejudice to Employers resulted."
(Emphasis in original.) 449 So.2d at 1235.
Reading the trial court's order, we find it unclear whether that court considered the additional element of prejudice when it determined that the notice in this case came too late. The authority cited by the trial court, Seaboard Industries, Inc.v. Monaco, 258 Pa. Super. 170, 392 A.2d 738 (1978), which contains facts similar to those in this case, did quote other Pennsylvania authority that placed upon the insurance company the additional burden of proving prejudice when late notice is used as a defense to a claim of coverage. But that court went on to hold this, 392 A.2d at 744: "If the amendment to the complaint alleged a new cause of action requiring Continental to defend, the insured was obligated to give Continental timely notice of that amendment so that Continental could evaluate a newly alleged duty to defend." Thus, to that extent, SeaboardIndustries, Inc. comports with Alabama law; however, as shown above, our law considers the length of the delay and the reasons for the delay in determining whether the notice actually given was "timely" or reasonable. Big Three Motors,supra; Pharr v. Continental Casualty Co., 429 So.2d 1018 (Ala. 1983).
Accordingly, the plaintiffs here can take nothing from theabsence of the burden upon the insurance company to proveprejudice. Plaintiffs' burden here was to excuse their absence of notice under the elements of Ladner, supra, i.e., length of the delay and their reasons for the delay.
The amendment was filed on April 29, 1986. The fact that the first appeal, upon a different issue, was pending inthis Court did not militate against the giving of notice of the amendment to the complaint in the trial court. That notice, along with notice of the judgments, came on April 14, 1987, when counsel for the defendants received them.
What was plaintiffs' reason for this delay? Only that Fireman's Fund had refused to defend based on the originalallegations and thus had placed itself in peril. This reason is untenable, we respectfully submit, because the plaintiffs themselves then sought forthwith a judgment declaring their rights under the policy. Nothing in that decision to seek declaratory relief precluded Fireman's Fund from its entitlement to notice of the amendment charging negligence, a claim for which Fireman's Fund may have afforded coverage. "An insurer must be given notice of an amended pleading which would impose a duty to defend, and a failure to give notice will relieve the insurer of liability under the policy." 7C Appleman, Insurance Law Practice § 4683 at 57 (1979).
Moreover, the fact that the plaintiffs voluntarily chose to negotiate a settlement, then seek and obtain a consent judgment, and then enter into an agreement thereon with the plaintiffs in the underlying actions could not unilaterally operate to abrogate Fireman's Fund's right under the policy to receive notice from the insured of any claim against the insured. "Clearly, an insured cannot hold an insurer liable for a settlement as a penalty for failure to defend where no one called upon the insurer to do so [by giving notice]." 7C Appleman, supra, § 4690 at 237.
Thus, we find that the approximately one-year delay in giving notice, coupled with insufficient reasons for that delay, was too late to require the indemnification sought from the company. Accordingly, the judgment of the trial court was correct.
Having concluded that the judgment must be affirmed due to the plaintiffs' failure to comply with the notice provisions of the policy, we need not discuss whether the settlement and consent judgment entered into by the plaintiffs/insureds was also in violation of the "no settlement" clause in the policy, which provided as follows: "[T]he insured shall not, except at his own costs, make any admission of liability, voluntarily make any payment, assume any *Page 1010 
obligation or incur any expense without the written consent of the company." See 7C Appleman, supra, § 4714.
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON and HOUSTON, JJ., concur.