The following question has been certified to this Court by the United States District Court for the Middle District of Alabama:
 "IS AN EXCESS INSURANCE CARRIER REQUIRED TO SHOW PREJUDICE AS A BASIS FOR DENIAL OF A CLAIM PRESENTED BY A QUALIFIED SELF INSURED WORKMAN'S COMPENSATION POLICYHOLDER BASED UPON AN ALLEGED FAILURE TO COMPLY WITH THE NOTICE PROVISIONS SET FORTH IN THE POLICY?" *Page 1174 
The majority answers this question in the affirmative. I cannot agree with this answer; therefore, I must respectfully dissent.
East Alabama Health Care, Inc. (EAHC), for the purpose of workers' compensation claims, is a self-insured entity. It employed Coastal Associates to administer such claims. EAHC did, however, maintain an insurance policy with Midwest to cover claims made against EAHC in excess of $250,000. The Midwest insurance policy explicitly provides that timely notice must be given to Midwest by EAHC in the event certain workers' compensation claims are made against EAHC. Part Seven of the policy states:
"A. Notice of Accident
 "1. The Insured shall give prompt written notice to the Insurer if a claim for an injury or disease occurs: which appears to involve indemnity by the Insurer; where it appears reasonably likely that there will be disability of more than one year; or where the total incurred is greater than or equal to 50% of the Self-Insured Retention Per Occurrence specified in Item 6 of the Declarations Page.
 "2. The Insured shall also give immediate notice but in no event greater than 60 days written notice to the Insurer if an injury of the following type occurs:
". . . .
"(d) any injury to the spinal cord;
". . . .
 "3. . . . If a suit, claim or other proceeding is commenced because of an injury listed in above section 2 or on any injury which appears to involve indemnity by the Insurer, the Insured shall give the Insurer:
 "(a) all notices and legal papers related to the claim, proceeding or suit . . .; and
 "(b) copies of reports on investigations made by the Insured on such claims, proceedings or suits.
 "4. Failure to render timely notice of any claim in a prompt, established manner to the Insurer by the Insured, or its designated representative may result in a disclaimer of coverage for the particular item."
Midwest claims that several of these notice provisions were violated by EAHC. On August 22, 1992, Peggy Black suffered an alleged workplace injury, but notice of this injury was not given to Midwest until April 7, 1994. Midwest claims that it is not liable under the policy, because of the late notice given by EAHC. EAHC argues that Midwest, as an excess insurer, not a primary insurer, is not entitled to the benefit of the "no-prejudice rule," and, therefore, must prove that its rights have been prejudiced by the untimely notice. However, this contention, which the majority accepts, goes against Alabama precedent and emasculates the insurance contract.
Alabama courts follow the "no-prejudice" rule. That rule means that an insurance company can deny a claim made under a policy, because of untimely notice of a claim by its insured, without having to show that the insurance company has been prejudiced by the untimely notice. Typically, courts will consider other factors, such as the length of delay and the reason for delay but will not require the insurer to show that it has been prejudiced by a delay where the insurance policy explicitly requires the insured to give notice.
 "To determine the reasonableness of a delay in giving notice to an insurer, this Court traditionally considers the length of the delay and the reasons for the delay. The question of whether the insurer was prejudiced by the delay is immaterial . . . where, as in this case, the giving of reasonably timely notice is expressly made a condition precedent to any action against the insurer."
Correll v. Fireman's Fund Ins. Cos., 529 So.2d 1006, 1008-09
(Ala. 1988) (citations omitted) (emphasis in original). The United States District Court for the Northern District of Alabama has also specifically addressed this issue and has applied the no-prejudice rule to an excess insurance carrier. In Pennsylvania National Mutual Casualty Ins. Co. v.Colyer-Lloyd, Inc., CV-93-AR-2627-E (N.D.Ala., Dec. 2, 1994), that court stated that "under Alabama law a showing of *Page 1175 
prejudice is not a prerequisite to a finding of late notice as a bar to coverage." It is clear that Alabama precedent applies the no-prejudice rule.
However, Alabama has done away with the no-prejudice rule in one particular area of law, uninsured motorist coverage.State Farm Mutual Automobile Ins. Co. v. Burgess, 474 So.2d 634
(Ala. 1985). This Court held in Burgess that in cases involving uninsured motorists, Alabama does require an insurance company to show that it has been prejudiced by the lack of notice in order to deny a claim based on improper notice. However, theBurgess Court strictly limited its holding to uninsured motorist claims. An exception to this general rule should not be made for excess liability insurance carriers, because there is no distinction between an excess insurer and a primary insurer in such a situation. Both types of insurers provide insurance, and both types of insurers need prompt notice of claims made against their insured in order to protect their rights. For instance, an excess insurer needs notice of claims made against its insureds in order to investigate claims, participate in the litigation process, reassess its financial reserves and the amount of premiums, and to decide whether to renew the policy. These are only samples of the reasons why an excess insurer needs timely notice of claims made against its insured.
The majority's opinion allows an insured to simply ignore notice requirements in an insurance policy. The Midwest policy clearly states that notice must be given in order for the insured to be covered under the policy. The language in the policy is not ambiguous, and, thus, it should be given effect as it is written. State Farm Mut. Auto. Ins. Co. v. Lewis,514 So.2d 863 (Ala. 1987). Moreover, to require an insurance company to show prejudice before it can deny a claim because of lack of notice or because of improper notice, where the policy explicitly states that the insured must provide notice to the insurer, essentially disregards the terms of the contract entered into by the parties.
The opinion in this case creates a new rule that allows insureds to escape the plain language of their insurance policies. Such a rule unfairly places the burden on the insurance company to justify clear contract language by showing prejudice; there is no reason to place such a burden on the insurance company. This state's precedent is clear, the contract is clear, and there are numerous reasons for the excess insurer to require notice. It is not difficult for an insured to comply with a notice requirement. Again, words mean what they say. This is simple contract law. Therefore, I respectfully dissent.
MADDOX and SEE, JJ., concur.