*958 MURDOCK, Justice
(concurring in the result).
I concur in the result.
The underinsured-motorist (“UIM”) insurance contract at issue in this case, like most such contracts, contains a clause that purports to prevent the insured from settling with an alleged tortfeasor without the consent of the insurance carrier to the proposed settlement. In Lambert v. State Farm Mutual Automobile Insurance Co., 576 So.2d 160 (Ala.1991), in an effort to uphold the purpose of the UIM statute, Ala.Code 1975, § 32-7-23, while simultaneously protecting UIM carriers, this Court placed a judicial overlay on such no-settlement-without-consent provisions. This overlay appears to constitute a complete procedural scheme that includes a recognition that a UIM carrier is entitled to reasonable notice and an opportunity to investigate and respond to any proposed settlement with, and release of, an alleged tortfeasor. I question whether our law places an additional overlay on such contractual provisions based upon the holding in State Farm Mutual Automobile Insurance Co. v. Burgess, 474 So.2d 634 (Ala.1985).
Burgess was decided in 1985, six years before the adoption in Lambert of the above-referenced procedural scheme. Moreover, Burgess addressed the possibility of an insured’s being excused from giving notice of his or her accident; it did not concern the issue whether an insured could ever be excused from giving notice of a proposed settlement.